**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3391-22

JUDY MAE THORPE,

    Plaintiff-Appellant,

v.

LT. KENNETH S. KLEINMAN
(RET.) CPM, TOWNSHIP OF
FREEHOLD POLICE
DEPARTMENT, and POLICE
OFFICER SEAN FOLEY,

    Defendants-Respondents.

_____

        Argued July 30, 2024 – Decided November 1, 2024

        Before Judges Sumners and Walcott-Henderson.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3072-22.

        Judy Mae Thorpe, appellant, argued the cause pro se.

        Andrew J. Ball argued the cause for respondent (Davison Eastman Muñoz Paone, PA, attorneys; Andrew J. Ball, of counsel and on the brief).

PER CURIAM

After pleading guilty to an amended citation of traffic obstruction in Freehold Township Municipal Court, plaintiff submitted a request under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, to the Freehold Township Police Department. She sought, among other items, all footage from the body worn cameras, dash cameras, and mobile video recorders of any police officers and police cars that were close by when she was stopped for a traffic violation. She contended the video footage is relevant to her pending appeal before this court seeking to vacate her guilty plea.

After records custodian Lieutenant Kenneth S. Kleinman denied plaintiff's request, plaintiff sought relief by filing an order to show cause and verified complaint[1] against defendants Kleinman, the Freehold Township Police Department, and Sean Foley, the police officer who issued her traffic citation. An order to show cause was entered scheduling a hearing.

At the hearing, the late Assignment Judge Lisa P. Thornton directed defendants to determine how much responsive video footage existed and the amount of time required to produce it. In response to the court's request,

---

[1] Thorpe initially filed an unverified complaint, which was amended with the trial court's approval.

Kleinman submitted a supplemental certification, stating there were 181 responsive videos totaling 650 hours of video footage related to plaintiff's OPRA request. Kleinman estimated it would take 740 hours to review the footage and redact sensitive information before release. Based on his $29 hourly rate, the police department proposed that plaintiff pay a special service charge of $21,460, per N.J.S.A. 47:1A-5(c), for the "extraordinary expenditure of time and effort" to accommodate the request. Defendants also contended "such a voluminous video production would [also] constitute a substantial disruption" to the police department's operations because Kleinman was the only person in the department who could redact the footage. Defendants also produced computer-aided dispatch (CAD) summaries for all six Freehold Township officers on patrol the day of plaintiff's traffic stop, summarizing all the incidents they each responded to that day.

Prior to the parties' next court appearance, Judge Thornton issued her written opinion stating that, based on Kleinman's certification, plaintiff was entitled to the video footage contingent upon payment of the $21,460 special service charge. The opinion further stated that at the next court appearance,

> plaintiff may respond to defendants' request for a special service charge. If she is unwilling or unable to pay a special service charge, the request for all [Body Worn Camera] and [Motor Vehicle Recording] footage

is denied. The court can conduct a hearing on the reasonableness of the charge, but it is difficult to imagine that a reasonable fee would be less than several thousand dollars.

At the next hearing, plaintiff insisted she could not pay the special service charge, claiming defendants were using it "to discourage access" to the video footage. Defendants responded that they provided the CAD data so plaintiff could identify specific incidents and narrow her video footage requests, which according to the judge might not result in special service charges being imposed.

Plaintiff was initially receptive to this proposal but did not wish to review the CAD data on the spot. The judge then advised plaintiff she could reduce the video footage by submitting "a new OPRA request based on the [CAD data] provided [to her]." Plaintiff declined the offer to limit the scope of her request. The judge in turn denied plaintiff's OPRA request because she was "unwilling or unable to pay a significant special service charge." When plaintiff suggested filing a motion to waive the special service charge because she could not afford it, the judge indicated OPRA does not authorize a waiver due to an inability to

pay. Based on her written opinion and the reasons stated at the second hearing, the judge entered an order dismissing plaintiff's complaint with prejudice.[2]

In her appeal, plaintiff repeats her contention made before the trial judge that defendants are using an "extremely high and unreasonable" special service charge "to discourage access to records." She emphasizes the requested video footage is "necessary" for her to dispute the factual basis of her municipal court conviction. Plaintiff cites no legal basis to disturb Judge Thornton's order. Upon our de novo review of legal conclusions under OPRA, N. Jersey Media Grp., Inc. v. Bergen Cnty. Prosecutor's Off., 447 N.J. Super. 182, 194 (App. Div. 2016), we conclude plaintiff's contentions are without merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Plaintiff's motion for reconsideration was denied by a different judge. Her notice of appeal does not indicate she is appealing that ruling. The judge's order provides "the matter is dismissed with prejudice for the reasons stated on the record and in the written opinion below." The record before us does not include a transcript of the oral decision nor the written opinion. Accordingly, the reconsideration order is not before us.